IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH MULLEN-MOORE,** on behalf of herself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**REB ENTERPRISES, INC.,**<br><br>**Defendant** | **CIVIL ACTION**<br><br>**NO. 16-935** |

**MEMORANDUM RE DEFENDANT'S MOTION TO COMPEL ARBITRATION**

**Baylson, J.**                                                                                                    **May 26, 2016**

Plaintiff Elizabeth Mullen-Moore has sued Defendant REB Enterprises, Inc. (owner of the International House of Pancakes/IHOP restaurant where Plaintiff was employed), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and the Pennsylvania Wage Law, 43 P.S. § 331.103 et. seq.  She claims Defendant required its waitresses and other tipped employees to share tips with dishwashers and other non-tipped employees.

After timely removing the case from the Philadelphia County Court of Common Pleas to this Court, ECF 1, Defendant filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint . ECF 8.  Defendant relies on an August 2012 agreement between Plaintiff and "XcelHR and #186," in which Plaintiff agreed to arbitrate all "claims, causes of action or controversies whatsoever, whether or not arising out of employment or termination of employment, including but not limited to claims for wages or other compensation due . . . and

1

any claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinances (including but not limited to . . . the Fair Labor Standards Act . . . )." ECF 8-2 (Def. Ex. 2). In her Opposition, Plaintiff argues that Defendant is not a party to the agreement and that the agreement is only with "#186." Plaintiff does not contest that she signed the agreement or that the agreement calls for arbitration of the types of claims Plaintiff presents.

A court will compel arbitration "where there is no genuine issue of fact concerning the formation of the agreement to arbitrate." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 159 (3d Cir. 2009) (citations omitted). "In deciding a motion to compel arbitration, a court may consider the pleadings, documents of uncontested validity, and affidavits submitted by either party." Ostroff v. Alterra Healthcare Corp., 433 F. Supp. 2d 538, 540 n.1 (E.D. Pa. 2006); accord, Comrey v. Discover Fin. Servs., Inc., 806 F. Supp. 2d 778, 782 (M.D. Pa. 2011).

In this case, Defendant has submitted affidavits from a human resources manager at XcelHR stating that "Client 186" is Defendant, ECF 18 at 10 (Def. Ex. 2) and another affidavit stating that Plaintiff executed the August 2012 agreement with an employee of Defendant, id. at 8 (Def. Ex. 1). Plaintiff has not submitted any evidence or sworn testimony to the contrary. There is accordingly no genuine issue of fact as to the formation of an agreement between Plaintiff and Defendant which requires arbitration, as Defendant and "#186" are one in the same.

Accordingly, Defendant's Motion to Compel Arbitration shall be granted. Rather than dismiss Plaintiff's case, however, this Court shall stay the action and mark it as administratively closed pending arbitration.

An appropriate Order follows.

O:\CIVIL 16\16-935 Mullen-Moore v. REB Enterprises\16cv935 Opinion re MTD and Arbitration.docx